STATE of Tennessee, Appellee,

v.

Roy Dale ANDERSON, Appellant,

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 2, 1982.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Jerry Harris, Asst. Dist. Atty. Gen., Memphis, for appellee.

Phillip Edward Kuhn, Memphis, for appellant.

## OPINION

O'BRIEN, Judge.

This case came on to be heard before this Court at the October Session at Jackson, Tennessee. The record presented for our consideration did not include a transcript of the trial proceedings. It was necessary for the Court to order the transcript of an evidentiary hearing in order to reach a proper conclusion in the matter. The record has been transmitted and the case is now ready for disposition.

Roy Dale Anderson was indicted by the Shelby County Grand Jury on a charge of third degree burglary. He submitted a guilty plea to the offense of an attempt to commit a felony, and accepted the recommendation of the State on punishment for a term of not less than one (1) year nor more than one (1) year to be served at the Shelby County Correctional Center. He subsequently endeavored to withdraw his guilty plea. He has appealed the judgment of the trial court denying this request.

This case comes to us in an unusual context. Defendant was arrested in April, 1979 after being observed by Memphis Police Officers in the process of burglarizing a city school. On his initial appearances in City Court he was represented by counsel who was engaged through the Lawyer Referral Service of the Memphis and Shelby County Bar Association. Apparently the Shelby County Attorney General utilizes a two tier pre-trial diversion procedure, in the City Court prior to indictment and thereafter in the Criminal Court of the county. After an investigation of the circumstances of the offense and the nature of the charges counsel explained to the defendant the range of punishment for third degree burglary, and the prospect of some pre-indictment leniency based on defendant's purported status as a first offender. The possibility of pre-indictment diversion was discussed with the Assistant Attorney General handling the case in conjunction with a not guilty plea in City Court. The State declined to consider pre-trial diversion for defendant because his co-defendant was ineligible and they were being tried for the same offense of third degree burglary. After defendant was bound over and indicted the discussions on pre-trial diversion continued. It seems clear from the record that the Shelby County Attorney General's policy required a guilty plea prior to entering into a memorandum of understanding for suspended prosecution on pre-trial diversion.

On December 20, 1979, as we have previously noted, defendant entered a plea of guilty, to the offense of an attempt to commit a felony. However, a judgment was not entered. On January 18, 1980 a memorandum of understanding for deferment of prosecution and pre-trial diversion was approved in the trial court. On October 20, 1980 a notice of the termination of the memorandum of understanding was filed by the District Attorney General due to defendant's arrest on October 16, 1980 on a charge of armed robbery. The third degree burglary charge was reinstated on the docket. Subsequently on December 23, 1980 a motion to withdraw defendant's plea of guilty was filed in the trial court. The motion came on to be heard on January 23, 1981 and was taken under advisement. On February 13, 1981 an order was entered denying withdrawal of the guilty plea. It is from this order that defendant has appealed.

In his first issue defendant inquires whether the requirement by the District Attorney General that a defendant enter a plea of guilty as a prerequisite to pre-trial diversion constitutes an abuse of discretion in violation of the provisions of T.C.A. § 40–2108.

 The record seems to substantiate that the Shelby County Attorney General requires guilty pleas in some cases before post-indictment approval of a memorandum of understanding for pre-trial diversion. If this be true we hold that this requirement is a nullity and is in irreconcilable conflict with the provisions of the statute. A plea of guilty is a confession. It is an admission, or proof of guilt. See Volume 22, C.J.S., Section 424(1); *State v. Cook,* 479 S.W.2d 823, (Tenn.Cr.App.1971). T.C.A. § 40–2108(a)(8) specifically provides that no confession or admission against interest of the defendant obtained during the pendency of and relevant to the charges contained in a memorandum of understanding shall be admissible in evidence for any purpose, including cross-examination of the defendant. There is no rule in this State which requires a defendant to admit his guilt in order to seek probation. To deny probation on that basis is an abuse of discretion. *State v. Gautney,* 607 S.W.2d 907, (Tenn.Cr.App. 1980).

Secondly, defendant asks if a guilty plea entered as part of a felony diversion memorandum of understanding may be withdrawn prior to judicial execution of the sentence. He insists that under the provisions of Rule 32 of the Rules of Criminal Procedure he has an absolute right to withdraw his plea of guilty at any time prior to sentence. That is an erroneous presumption. The rule does no more than prescribe when a motion to withdraw a plea of guilty

may be made. In this case, the record leaves no doubt that defendant did not want to go to trial on the burglary charge. His trial counsel, who was relieved prior to the initiation of this appeal, worked diligently and ably in the investigation of the case, and to preserve defendant's constitutional right to a fair and impartial trial. He explained fully to the defendant, and to his mother, the alternatives to trial which were available to him. It was explained to him that if he entered a guilty plea the possibility was excellent he would be placed on a twelve month probationary period at the conclusion of which the records would be expunged, clearing all charges from his record. At the guilty plea submission hearing the trial judge examined defendant minutely and explicitly about his understanding of the guilty plea and the voluntary nature of its submission on his part. He determined that the guilty plea was submitted by defendant's own free will without any threats, or pressure, or promises of any kind. He accepted the guilty plea explaining to the defendant that he would not do so until he was satisfied it had been entered into freely and voluntarily. He explained that if he did not qualify for diversion he could come back, and after sentencing, be considered as a candidate for probation. Defendant testified in open court that he understood fully the ramifications of submitting the guilty plea and testified he entered the plea because he did not want to serve time. He also testified he knew if he got arrested again that serving time would be the probable result.

■ A defendant does not have the unilateral right to withdraw a guilty plea once submitted where the plea had been voluntarily and intelligently made. It has been consistently held that the matter of withdrawal of such a plea is one that rests within the discretion of the trial court. See *Henning v. State,* 201 S.W.2d 669, 184 Tenn. 508 (1947); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). A plea of guilty entered into by one fully aware of the direct consequences, must stand unless induced by threat, misrepresentation, or some other inducement

which by its nature is improper as having no proper relationship to the prosecutor's business. See *Brady v. United States,* supra. The argument that the guilty plea submitted was involuntary is without merit.

■ The record plainly indicates that Anderson took advantage of the offer for pre-trial diversion made by the Attorney General as part of his plea bargain. This requirement on the part of the Attorney General, though not in harmony with other provisions of the statute, does not deprive the defendant of any constitutional right. He had the advantage of what would have been the final disposition of the charges against him had he not fallen again into the hands of the law for a subsequent offense. While the promise of diversion undoubtedly influenced his guilty plea, this in and of itself did not render the plea involuntary. See *Donaldson v. Rose,* 525 S.W.2d 853, (Tenn.Cr.App.1975). A guilty plea to escape harsher punishment does not of necessity render that plea void. See *Clenny v. State,* 576 S.W.2d 12, (Tenn.Cr.App.1978). *Waggoner v. State,* 512 S.W.2d 627, (Tenn. Cr.App.1974). The motion to withdraw the guilty plea was not submitted until after the notice of termination of the memorandum of understanding was filed and the case reinstated on the docket. The circumstances here are somewhat similar to those in *State v. Holder,* 634 S.W.2d 284, (Tenn. Cr.App.1982), in which the defendant sought to reinstate a motion for new trial which was not argued after defendant had received a suspended sentence. After the suspended sentence was revoked several months later he endeavored to pursue the motion for new trial. In this case, as in *Holder,* had the defendant not been rearrested and his diversion status interrupted, we are confident he would have refrained from endeavoring to set aside his guilty plea. He accepted the benefits of diversion as well as those accruing to him on the guilty plea submission. He was allowed to enter a guilty plea to an attempt to commit a felony with a one year sentence on an indictment for third degree burglary which carried a minimum penalty of three years

and a maximum of ten years. We concur in the trial court finding of fact that defendant's guilty plea was voluntarily intelligently and understandingly made, and affirm the judgment denying withdrawal of that plea.

DWYER and TATUM, JJ., concur.