IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1996 SESSION

FILED

June 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9601-CR-00050 |
| | ) | |
| Appellee | ) | Nos. 45851 & 45852 below |
| | ) | |
| vs. | ) | Knox Criminal |
| | ) | |
| JOHN CLARK GARRISON | ) | Honorable Lynn W. Brown |
| | ) | |
| Appellant | ) | (Sentencing) |
| | ) | |

For Appellant:

Gregory P. Isaacs
Isaacs, Rayson & Ramsey
280 One Centre Square
P.O. Box 2448
Knoxville, Tennessee 37901-2448

For Appellee:

Charles W. Burson
Attorney General and Reporter

Darian B. Taylor
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Randall E. Nichols
District Attorney General

C. Leon Franks
Asst. District Attorney General
City-County Building
Knoxville, Tennessee 37902

OPINION FILED_____

SENTENCES MODIFIED AND AFFIRMED

WILLIAM M. DENDER, SPECIAL JUDGE

OPINION

This is an appeal as of right from the judgment of the trial court at appellant's re-sentencing hearing on September 1, 1995.

Appellant states the issues on appeal as follows:

I.       Whether the Trial Court's denial of defendant's request to withdraw his guilty plea was improper.

        A.       The trial court erred in finding that the defendant's guilty pleas were voluntarily, knowingly, and intelligently made.

        B.       The trial court abused its discretion by finding that no fair and just reason existed for allowing the defendant to withdraw his guilty plea pursuant to Tenn. R. Crim. P. 32 (f).

II.      Whether the State's actions at defendant's Re-sentencing Hearing breached the spirit of the plea agreement and violated this Court's mandate of January 10, 1995.

III.     Whether the defendant is entitled to withdraw his guilty plea pursuant to Tenn. R. Crim. P. 11 (e) (4), based upon the trial court's rejection of defendant's request for probation.

IV.     Whether the trial court committed error in its re-sentencing of the defendant by the following acts:

        A.       Incorrectly sentencing the defendant as a Range II offender;

        B.       Its failure to consider the defendant's mental condition as a mitigating factor in sentencing; and

        C.       Its finding that the imposition of consecutive sentencing was warranted based upon the evidence introduced by the State.

FACTS

Defendant was originally indicted by the Knox County Grand Jury in Case No. 45851 for one count of theft and two counts of forgery, and in Case No. 45852 for one count of theft and one count of forgery. After entering into plea negotiations with the Knox County District

Attorney General's office, appellant pled guilty to one count of theft in each case. A condition of the plea agreement was that the State would not oppose probation if appellant made satisfactory arrangements concerning restitution. At the original sentencing hearing, the State alleged that satisfactory arrangements had not been made, and the State opposed probation. Appellant appealed the holding of the trial court that the appellant had not made satisfactory arrangements and the sentences imposed. This Court, in an opinion dated January 10, 1995, held that appellant's arrangements for restitution were fair and reasonable, that the State had breached the spirit of the Plea Agreement, and the case was remanded for a new sentencing hearing.

On August 14, 1995, the State filed a Notice of Intent to Seek Enhanced Punishment, based upon appellant's alleged conviction for two prior felonies, one of which was an alleged conviction in DeKalb County, Georgia, in Case No. 82-CR-1369, on March 12, 1982, for a felony bad check charge and a sentence of two years.

A re-sentencing hearing was held on September 1, 1995, and the appellant moved to set aside his guilty plea. Appellant also objected to the introduction of certain evidence by the State during the proof stage of the sentencing hearing. The trial court denied appellant's motion to set aside his guilty plea and overruled his objections to the introduction of the evidence. When the State tried to introduce evidence of the alleged Georgia conviction, defense counsel objected; and the State sought to withdraw the introduction of the document purporting to be the Georgia conviction. The trial court refused to allow the State to withdraw the Georgia conviction.

The trial court, sua sponte, stated that appellant was bound by prior counsel's stipulation that appellant was a Range II offender, and no evidence was introduced to establish that this was an appropriate range of sentencing. Appellant was sentenced to nine years in each case, and the sentences were ordered to be served consecutively, and consecutive to a 16 year sentence

imposed in Bledsoe County for the crime of solicitation to commit first degree murder. We note that the 16 year sentence was to be served consecutively to the sentences in the case sub judice. In addition, appellant was ordered to pay restitution in the amount of $28,400 in Case No. 45851 and $7,000 in Case No. 45852.

The Bledsoe County conviction for solicitation to commit first degree murder has been reversed by a panel of this Court, in an opinion in C.C.A. No. 03C01-9702-CC-00047, filed in Knoxville on February 27, 1998. The case was not reversed because the evidence was insufficient to prove the crime, but because of the failure of defense counsel to convey a plea offer to the defendant and because the Court's charge to the jury failed to state that the action of the defendant must be intentional. We note that Attorney Thomas N. DePersio represented appellant in the Bledsoe County case and in the appeal of the original cases in Knoxville, which date back as far as 1992.

The State admits in its brief that the trial court erred in finding the appellant to be a professional criminal and also erred in finding that the appellant was a dangerous offender. However, the State claims the evidence supports the trial court's finding that appellant's record of criminal activity is extensive.

Subsequent to the re-sentencing hearing, appellant also filed a Motion for Reduction of Sentence, which was also denied by the trial court.

## I. GUILTY PLEA

Appellant alleges the trial court erred in holding that appellant's guilty plea was voluntarily, knowingly, and intelligently made. We do not agree. When this case was before this

Court in January, 1994, appellant had every opportunity to question his guilty plea; but failed to do so. We find that the appellant's guilty plea is controlled by the law of the case doctrine. Under the law of the case doctrine, an appellate court's decision on an issue of law becomes binding precedent to be followed in later trials and appeals of the same case involving the same issues and facts. Ladd v. Honda Motor Co., Ltd., 939 S.W.2d 83, 90 (Tenn.App.1996) (citations omitted); State v. Jefferson, 938 S.W.2d 1, 8 (Tenn.Crim.App.1996). The doctrine applies both to issues that were actually before the court and to those issues that were necessarily decided by implication. Ladd, 939 S.W.2d at 90. This court's previous opinion implicitly found the appellant's guilty plea to be voluntarily and knowingly entered. This issue is without merit.

Appellant complains that the trial judge abused his discretion in not allowing the appellant to withdraw his guilty plea pursuant to Tenn. R. Crim. P. 32 (f). When the trial judge commented on appellant's motion to withdraw his guilty plea at the re-sentencing hearing, he said,

> First of all, Mr. Garrison, through counsel, alleges that his guilty pleas were not knowingly and intelligently made. Looking at Exhibit 1, the situation is quite to the contrary. Judge Nichols, who took the plea, advised him of every essential constitutional right and many rights in addition. He was informed of a lot of alternatives and rights he had procedurally that are not required by the Tennessee Supreme Court in the Mackie (sic) case.
>
> The Court's conclusion is that, as far as constitutional rights are concerned, that this plea was constitutional in all respects; that it was knowingly and intelligently made after appropriate consideration.

Following the above comments, the trial judge goes over various aspects of the testimony received in the hearing, and he concludes, as follows:

> Then the Court, questioning Mr. Garrison, says, "Over and above those representations, have you been promised anything else to get you to plead guilty to these charges, any other representations or promises," and there is a conference. The defendant doesn't answer. He says, "Yes, I understand."
>
> The Court questions him again. Question to Mr. Garrison, "Okay. But have you been promised anything? Any agent of the State promised you anything else, over and above

5

what has been announced in court?" His clear answer, "No." So he told the Court, under oath, at his plea that he had received no other promises, and the Court concludes that he had received no other promises, and the Court concludes that he had been made none.

So the conclusion that the Court reaches, under Rule 32, is that the defendant has made no showing of any fair or just reasons that his guilty plea should be set aside, and your motion to withdraw those two pleas of guilty is, respectfully, denied.

A defendant does not have a unilateral right to withdraw a knowing and voluntary guilty plea. State v. Anderson, 645 S.W.2d 251, 254 (Tenn.Crim.App. 1982). Accordingly, the decision to deny a withdrawal rests within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. State v. Lane, No. 111 (Tenn.Crim.App. at Knoxville, Dec. 5, 1990). We find nothing in the record to show that the trial judge abused his discretion in not allowing the appellant to withdraw his guilty pleas.

## II. STATE ACTION AT RE-SENTENCING HEARING

Appellant complains that the State's action at the re-sentencing hearing breached the spirit of the plea agreement and violated this Court's mandate of January 10, 1995. We have considered this issue carefully, and we find that appellant has no right to complain about the re-sentencing hearing. Appellant was afforded the opportunity to have a re-sentencing hearing with the mandate that the State would abide by its previous agreement, and this Court would have enforced such mandate; but by his own action, appellant opened the door to permit the State to enter additional evidence concerning punishment, including the solicitation to commit first degree murder conviction. That conviction, along with appellant's other convictions, certainly made probation very questionable and gave the trial judge every opportunity to deny probation. We find this issue to have no merit.

6

## III. TENN. R. CRIM. P. 11 (e) (4)

At the time the appellant entered his plea of guilty, he understood his plea agreement to be that which had been announced to the court just moments before. A summary of that agreement from the record is:

> The defendant will plead guilty to the first count of each indictment...Both are Class C felonies. The defendant is a multiple offender. Notice has been filed. The range of punishment for each of those offenses as a Range II, Multiple Offender at 35% is six to ten years as to each count. The offense is theft....There is no agreement as to the length of the sentences. That will be argued at the sentencing hearing. The exposure, of course, is six to ten on each one...The defendant is to pay--he intends to apply for probation. The State will not oppose the granting of probation upon the following conditions: number one, he is to pay fifteen thousand dollars ($15,000) toward restitution today, either he or someone on his behalf....The defendant will make restitution for the balance of whatever sentence he receives to a total of...fifty-one thousand dollars ($51,000)...

The record of the re-sentencing hearing reveals that appellant did receive the agreement as announced. The State announced that it did not oppose probation; however, the State presented evidence of the Bledsoe County conviction for solicitation to commit first degree murder. The introduction of that evidence was entirely proper. See State v. Harris, 919 S.W.2d 323, 331 (Tenn. 1996). Appellant was sentenced as a Range II offender within the range of six to ten years. Restitution was set according to the agreement. Appellant testified that he was not promised he would receive probation.

We find no abuse of discretion by the trial judge.

## IV. RE-SENTENCING

When an accused challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d)(Supp. 1996). This presumption is

"conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our de novo review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to rehabilitation. Tenn. Code Ann. § 40-35-210(b) (Supp. 1996); State v. Ashby, 823 S.W.2d at 168. The burden for showing that the sentence is improper is on the appealing party. T.C.A. § 40-35-210 Sentencing Commission Comments.

If the trial court gave "due consideration and proper weight" to the relevant factors and if the findings of fact by the trial court were adequately supported by the record, then the Appellate Court must affirm "even if [it] would have preferred a different result." Fletcher, 805 S.W.2d at 789. Where a trial court properly considers the relevant principles and relevant facts, but misapplies an enhancement factor, the Appellate Court must still apply a presumption of correctness when reviewing the remaining factors. See State v. Makoka, 885 S.W.2d 366, 372 (Tenn. Crim. App. 1992) (listing the three situations where presumption would not apply).

The trial court must begin with a presumptive minimum sentence. T.C.A. § 40-35-210 (c). Any applicable enhancement factors can be considered to increase the sentence, to be subsequently reduced in light of any applicable mitigating factors. § 40-35-210 (d) & (e). The weight afforded each factor depends on the totality of the circumstances. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986).

We conclude that the trial court properly applied the purposes and considerations of sentencing as outlined in State v. Ashby, supra, and did not err in sentencing the appellant.

## IV (A).  RANGE II OFFENDER

Appellant complains that he was incorrectly sentenced as a Range II offender.

Appellant agreed to be sentenced as a Range II offender at the time he entered his plea. Even if the record does not support appellant being a Range II offender, it is clear that a defendant may plead to a range for which he is not eligible, so long as the sentence is within the statutory limits for the offense.  See State v. Mahler, 735 S.W.2d 226 (Tenn. 1987).

Appellant was sentenced as a Range II offender to nine years on each for his two Class C felonies, with the applicable range being six to ten years.  In setting these sentences, the trial court considered the general principles of sentencing and specifically applied enhancement factors, as follows:

> T.C.A. § 40-35-114 (1)  the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range.

> T.C.A. § 40-35-114 (8)  the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and

> T.C.A. § 40-35-114 (15)  the defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense.

The trial court noted that the first factor was given great weight, while the next two were not. The appellant does not challenge the application of these three factors, and the record supports the use of each.  The trial court gave slight weight to the fact that appellant did not cause any serious bodily injury.  We find no merit in this issue.

## IV (B).  MENTAL CONDITION

The trial court also considered the defendant's mental condition, but found that the proof did not rise to establishing this factor.  Appellant's I.Q., in a test conducted in September and October of 1992, was assessed as 122, placing him in the "Superior Range" of functioning. It is the burden of the appellant to show that a mitigating factor applies, and appellant offered no evidence that this factor had anything to do with these offenses; and therefore, we hold that this factor was properly excluded from consideration.

## IV (C).  CONSECUTIVE SENTENCING

The trial court found, pursuant to T.C.A. § 40-35-115 (b), that numbers (1), (2), and (4) applied in this case.  The State admits that numbers (1) and (4) were incorrectly applied, and we agree.  We also agree that "(2)  The defendant is an offender whose record of criminal activity is extensive" does apply to appellant.

T.C.A. § 40-35-115, in part, states:

(a)  If a defendant is convicted of more than one (1) criminal offense, the court shall order sentences to run consecutively or concurrently as provided by the criteria in this section.
(b)  The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:
. . .
(2) The defendant is an offender whose record of criminal activity is extensive;

There is ample proof in the record to show that the appellant's record of criminal activity is extensive.  In addition to the conviction for solicitation to commit first degree murder, appellant has more than 10 other convictions.  As previously noted, the conviction for solicitation to commit first degree murder has been reversed by a panel of this Court.  During the re-sentencing hearing the trial court specifically stated "the John Garrison that the Court has seen

today, based on what has happened since Judge Scott saw Mr. Garrison is quite a different person, has shown an inability to obey the law--even when he is in prison--and quit defrauding people even while incarcerated with criminal behavior."

When the criminal record of the appellant is considered, along with the solicitation to commit first degree murder case, we find that an extended sentence is necessary to protect the public against further criminal conduct by the appellant and that the consecutive sentences reasonably relate to the severity of the offenses committed. State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). We find no merit in this issue.

CONCLUSION

The sentences announced by the Court at the re-sentencing hearing are modified to the extent that the nine year sentence in Case No. 45851 and the nine year sentence in Case No. 45852 will be served consecutively; however, there being no sentence in the Bledsoe County case at this point, it will be up to the judge in that case to determine whether the sentence in that case, if any, will be served consecutively to the above sentences.

With the sentences modified as above described, the trial court is affirmed, and the case is remanded to the trial court for all necessary proceedings not inconsistent with this opinion.

_____
William M. Dender, Special Judge

11

CONCUR:

<u>       See Below       </u>
Joseph B. Jones, Presiding Judge


 

David G. Hayes, Judge


      Judge Joseph B. Jones died May 1, 1998, and did not participate in this opinion. We acknowledge his faithful service to this Court, both as a member of the Court and as its Presiding Judge.

12