**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT JACKSON**
**JANUARY SESSION, 1999**

FILED

January 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No. 02C01-9712-CC-00491 |
| **Appellee** | ) | |
| | ) | **FAYETTE COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. Jon Kerry Blackwood, Judge** |
| **QUINCY BLEDSOE,** | ) | |
| | ) | **(Aggravated Kidnapping;** |
| **Appellant** | ) | **Attempted Felonious Escape)** |

For the Appellant:

**Marcus M. Reaves**
Attorney at Law
313 E. Lafayette
Jackson, TN 38301

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Georgia Blythe Felner**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Elizabeth T. Rice**
District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Quincy Bledsoe, appeals the order of the Fayette County Circuit Court denying his motion to withdraw his guilty plea. Specifically, the appellant contends that his guilty plea was not voluntarily entered as he was not informed that, had he proceeded to trial, the jury could have convicted him of a lesser offense of that charged in the indictment.

After a review of the record, we affirm the decision of the trial court.

**Background**

On March 21, 1997, the appellant and his two co-defendants were inmates at the Wilder Youth Development Center in Fayette County. "While they were in an exercise yard with other inmates, a security guard, [Christine Johnson,] was assaulted, handcuffed, and imprisoned in a small room while the [appellant and his co-defendants] endeavored to escape."

On July 28, 1997, a Fayette County Grand Jury returned a four count indictment against the appellant and his co-defendants alternatively charging them with one count of aggravated kidnapping of Christine Johnson with the intent to terrorize her, Tenn. Code Ann. § 39-13-304 (a)(3) (1997); one count of aggravated kidnapping of Christine Johnson with the intent to interfere with performance of her governmental function, Tenn. Code Ann. § 39-13-304(a)(2); one count of aggravated kidnapping of Christine Johnson with the intent to inflict serious bodily injury, Tenn. Code Ann. § 39-13-304 (a)(3); and one count of attempted felonious

2

escape, Tenn. Code Ann. § 39-16-605 (1997) and Tenn. Code Ann. § 39-12-101 (1997).[1]

The appellant's family members retained an attorney in his behalf. On the day the appellant was scheduled to go to trial, November 12, 1997, he pled guilty to the aggravated kidnapping of Christine Johnson with the intent to interfere with performance of her governmental function and to attempted felonious escape.

The following day, the appellant filed a motion to withdraw his guilty plea, alleging that, had his attorney advised him of the possibility of conviction on a lesser charge, he would not have entered a guilty plea to the offense of aggravated kidnapping.[2] A hearing on this motion was held on December 9, 1997, immediately preceding the appellant's sentencing hearing.[3]

After a hearing on the motion, the trial court entered written findings of facts and denied the motion. Specifically, the trial court found:

> . . . Prior to the acceptance of the plea, the defendant was thoroughly questioned regarding the voluntariness of his plea. At no time during the colloquy with the Court did the defendant express any dissatisfaction with [his attorney] nor any hesitation or reluctance to enter a plea. After the plea was entered, the defendant's grandfather remained in the Courtroom for the remainder of the trial. The jury found one defendant guilty of aggravated kidnapping . . . but found the other codefendant guilty of the lesser charge of false imprisonment. The next day the defendant's grandfather called [counsel] complaining that [he] had not told him that his grandson could be found guilty of a lesser charge. At the hearing of the motion, the defendant stated that [his attorney] had not told him of any lesser charge. . . . [Defendant's counsel] testified that he went over the charge of aggravated kidnapping with the defendant and explained the minimum and

[1]Although unsupported by the record, the appellant's brief indicates that a juvenile transfer hearing was held resulting in the sixteen year old's indictment as an adult.

[2]Defense counsel filed a motion to withdraw as counsel due to possible conflicts on November 27, 1997. This motion was ultimately granted by the trial court. The appellant was represented by another attorney at the hearing on the motion to withdraw his guilty plea.

[3]At the appellant's subsequent sentencing hearing, the trial court sentenced the appellant to nine years in the Department of Correction as a violent offender, see Tenn. Code Ann. § 40-35-501(i)(1) - (2) (1997), for the offense of aggravated kidnapping. The court also imposed a sentence of nine months in the county jail for the offense of attempted felonious escape. The sentences were ordered to run concurrently.

maximum sentences to him. . . . [Counsel] explained that . . . the proof would certainly support the jury's conviction of the other count [interference with the performance of any governmental or political function.] [Counsel] stressed that the ultimate decision whether to plea or not to plea would rest with the defendant. . . . The Court finds that the defendant's plea in this case was knowing, intelligent and voluntary. He was explained the minimum and maximum terms of imprisonment by the Court, as well as by counsel. He was certainly aware of his right to a jury trial, since his co-defendants were being tried on the same day. The Court asked him if he had any complaints regarding his counsel, and none were expressed.[4] The defendant was apparently satisfied with his plea of guilty until he learned the next day that one of his co-defendants had been found guilty of a lesser charge. The Court concludes that there has not been a proper showing of any fair and just reason why the plea should be withdrawn. Accordingly, the motion is hereby denied.

**Analysis**

Although a defendant does not have a unilateral right to withdraw a knowing and voluntarily guilty plea, see State v. Anderson, 645 S.W.2d 251, 254 (Tenn. Crim. App. 1994), Tenn. R. Crim. P. 32(f) permits a defendant to withdraw a plea of guilty, prior to sentencing, if he establishes "a fair and just reason" for doing so.[5] However, the decision to permit a withdrawal rests within the sound discretion of the trial court and is not subject to reversal unless there is an abuse of discretion. State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995), perm. to appeal denied, (Tenn. 1996); State v. Davis, 823 S.W.2d 217, 220 (Tenn. Crim. App. 1991). Moreover, the findings of the trial judge on questions of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Chambers, No. 01C01-9505-CC-00143 (Tenn. Crim. App. at Nashville, Jun. 20, 1996), perm. to appeal denied, (Tenn. Dec. 30, 1996) (citation omitted).

---

[4]The appellant has failed to provide this court with a transcript of his guilty plea hearing, thus, precluding this court from providing a meaningful review of the issues. The appellant has the burden to prepare a record on appeal that presents a complete and accurate account of what transpired in the trial court with respect to the issues on appeal. Tenn. R. App. P. 24(b). The failure to do so results in the presumption that the findings of the trial court are correct. See State v. Bear, No. 03C01-9510-CC-00301 (Tenn. Crim. App. at Knoxville, Sept. 9, 1996), perm. to appeal denied, (Tenn. Mar. 3, 1997).

[5]If the appellant's motion to withdraw a guilty plea is made after sentencing, such motion may only be granted by the trial court "to correct manifest injustice." See Tenn. R. Crim. P. 32(f).

In the present case, the appellant complains that his attorney's failure to advise him of the possibility of conviction of lesser offenses rendered his guilty pleas involuntary. The evidence in the record before us shows that the proof was more than sufficient to support a conviction of aggravated kidnapping with the intent to interfere with a governmental function. Accordingly, counsel was under no obligation to discuss the lesser offenses of this crime with the appellant. See Overall v. State, No. 88-215-III (Tenn. Crim. App. at Nashville, Dec. 28, 1988). Cf. State v. Stephenson, 878 S.W.2d 530, 550 (Tenn.1994) ("Where the record clearly shows that the defendant was guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense, the trial court's failure to charge on a lesser offense is not error."). Additionally, although the appellant may have been successful at trial in obtaining a conviction for the lesser offense of false imprisonment, as did one of his co-defendants, this does not render inadequate the factual basis for his guilty plea. Cf. Chambers, No. 01C01-9505-CC-00143 (defendant cannot withdraw guilty plea on grounds that he lacked requisite intent for offense).

For these reasons, we find no basis to conclude that the trial judge abused his discretion in finding that the appellant's guilty plea was knowing, intelligent, and voluntary, and that no "fair and just reason" exists to permit the plea's withdrawal. The judgment is affirmed.

_____
DAVID G. HAYES, Judge

5

CONCUR:


_____
JOE G. RILEY, Judge


_____
JOHN EVERETT WILLIAMS, Judge