# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JUNE 1999 SESSION

FILED

August 31, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9808-CR-00300 |
| Appellee, | ) | |
| | ) | ROANE COUNTY |
| VS. | ) | |
| | ) | HON. E. EUGENE EBLEN, |
| JERRY DARRELL DUNCAN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Possession of a Controlled Substance with Intent to Deliver) |

FOR THE APPELLANT:                FOR THE APPELLEE:


CHARLES B. HILL, II                PAUL G. SUMMERS
P.O. Box 852                       Attorney General & Reporter
Kingston, TN 37763
        (On Appeal)                MARVIN S. BLAIR, JR.
                                   Asst. Attorney General
JOE WALKER                         Cordell Hull Bldg., 2nd Fl.
District Public Defender           425 Fifth Ave., North
                                   Nashville, TN 37243-0493
WALTER B. JOHNSON
Asst. District Public Defender     SCOTT McCLUEN
502 Roane St.                      District Attorney General
P.O. Box 334
Harriman, TN 37748-0334            CHARLES HAWK,
        (At Hearing)               DENNIS HUMPHREY,
                                        -and-
                                   FRANK HARVEY
                                   Asst. District Attorneys General
                                   P.O. Box 703
                                   Kingston, TN 37763-0703


OPINION FILED:_____


AFFIRMED


JOHN H. PEAY,
Judge

# O P I N I O N

The defendant pled guilty to three counts of possession of a controlled substance with the intent to deliver.[1]  The defendant's subsequent motion to withdraw his guilty plea was denied by the trial court.  The defendant received an effective sentence of three years with a term of sixty days to be served in the county jail and the balance to be served in community corrections.  The defendant now appeals and presents the following issues for our review:

> 1.  Whether the trial court erred by refusing to set aside the defendant's guilty plea;
>
> 2.  Whether the trial court erred in not granting the defendant permission to certify questions of law to this Court; and
>
> 3.  Whether the trial court erred in sentencing the defendant to serve sixty days in jail in addition to a term in community corrections.

On November 18, 1997, the defendant pled guilty and was sentenced in accordance with his plea agreement.  At that point, the only issue not agreed upon in the plea agreement was the issue of split confinement.  Before a hearing could be held with regard to split confinement, the defendant filed a motion to withdraw his guilty plea.  On March 16, 1998, the trial court, after a hearing, denied the defendant's motion to withdraw his guilty plea.  On July 6, 1998, the trial court held a hearing to determine whether any part of the defendant's agreed upon sentence would be served in jail.  At this hearing, the defendant asked the trial court to certify questions of law with regard to suppression of evidence and double jeopardy to this Court.  The trial court did not address this issue.  The trial court then ordered the defendant to spend sixty days of his three year sentence in jail with the balance to be served in community corrections.

---

[1]  Before pleading guilty, the defendant filed an interlocutory appeal with this Court seeking a review of the trial court's order denying his motion to suppress evidence.  This Court denied the defendant's application for an interlocutory appeal.

The defendant first contends that the trial court erred in refusing to allow him to withdraw his guilty plea. A defendant who submits a guilty plea is not entitled to withdraw the plea as a matter of right. State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995) (citing State v. Anderson, 645 S.W.2d 251, 253-54 (Tenn. Crim. App. 1982)). The decision to allow the withdrawal of a guilty plea rests within the sound discretion of the trial court and is not subject to reversal except where it clearly appears that there was an abuse of discretion. Id. The record must contain some substantial evidence to support the trial court's decision. Goosby v. State, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995).

According to the Tennessee Rules of Criminal Procedure, a trial court may permit the withdrawal of a guilty plea upon a showing by the defendant of "any fair and just reason . . . before sentence is imposed." Tenn. R. Crim. P. 32(f). However, after the defendant is sentenced but before the judgment becomes final, a trial court may permit the withdrawal of the defendant's guilty plea only to correct manifest injustice. Tenn. R. Crim. P. 32(f).

In his appellate brief, the defendant argues that "he thought his motions would be preserved when he made his guilty plea. He just did not realize he would be giving up his rights unless the issues [of suppression of evidence and double jeopardy] were certified. . . . [H]e was never made aware that he was losing his rights in regard to an appeal of these issues." The defendant claims that based on the foregoing, "it was an abuse of discretion not to set aside his guilty plea. He did not have full knowledge and was mistaken as to what would happen to his appeal."

However, the record contains the "Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty" which clearly states

that by pleading guilty, [the defendant is] waiving or giving up

3

[his] right to appeal all non-jurisdictional defects or errors in these proceedings, including any complaints . . . that [the defendant] was unlawfully arrested, that [his] property or possessions were unlawfully searched or seized, that [his] right against self-incrimination or right to counsel were violated, or that [he] was denied a right to a speedy trial.

This waiver was signed by the defendant on the day he pled guilty. In light of the foregoing, the defendant has failed to prove that the trial court abused its discretion in refusing to allow him to withdraw his guilty plea. As such, this contention is without merit.

The defendant next contends that the trial court erred in not allowing the defendant to certify the issues in his motion to suppress and his motion to dismiss to this Court. The record indicates that on June 30, 1998, the defendant's attorney filed a motion asking the trial court to certify these issues. On July 6, 1998, a hearing was held to determine the issue of split confinement. At this hearing, the defendant's attorney mentioned the issue of certification. However, the trial court never addressed the issue. In addition, the defendant's attorney never requested that the trial court rule on its motion for certification, and no ruling was ever made. There was no judgment entered in the record that set forth the certified question to be considered by this Court. There is also no mention of any reservation of a certified question of law in the plea agreement signed by the district attorney general, the defendant, and the defendant's attorney.

Our Supreme Court has set out prerequisites to the consideration of a certified question of law. These requirements are as follows:

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). Our Supreme Court has relaxed the Preston requirements to some extent by allowing a certified question to be

4

incorporated in an independent document. See State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998). However, the burden is on the defendant to see that the mandatory prerequisites of Preston are satisfied. Preston, 759 S.W.2d at 650.

In the case at bar, the final judgments make no reference to a reservation of a dispositive question of law. These judgments also do not refer to or incorporate any other independent document that would reserve a certified question of law. The defendant did not request a ruling on the issue of certification and did not make sure that the certified questions were included in the final judgment or any other document. As it is the responsibility of the defendant to comply with the guidelines set out in Preston, his contention is without merit. See Preston, 759 S.W.2d at 650; see also Nashville, Chattanooga & St. Louis Ry. v. Hayes, 99 S.W. 362, 366 (Tenn. 1907) (holding that it is the duty of the party filing a motion to take action to insure the trial judge rules on such motion).

The defendant next contends that the trial court erred in sentencing him to sixty days in jail in addition to placing him in community corrections. The defendant argues that the trial court did not place on the record the factors and specific findings of fact that it relied upon to impose his sentence.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

T.C.A. § 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning enhancing and mitigating factors as found in T.C.A. § 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing. T.C.A. § 40-35-210(b).

In the case at bar, the trial court sentenced the defendant, pursuant to a plea agreement, to a term of one year for the Class E felony of possession with intent to deliver a schedule VI controlled substance, a term of three years for the Class C felony of possession with intent to deliver a schedule II controlled substance, and a term of two years for the Class D felony of possession with intent to deliver a schedule IV substance. These are the minimum sentences available for these convictions. See T.C.A. § 40-35-111. In addition, the sentences were to run concurrently. In effect, the defendant received a sentence of three years in a community corrections program with sixty days to be served in the county jail. The defendant does not challenge the length of his sentence, but he contends the trial court erred in requiring him to serve sixty days in

6

confinement. The defendant contends that the trial court offered no explanation with regard to the term of confinement. As there is no showing in the record that the trial court considered the applicable sentencing factors, our review of the defendant's sentence is de novo without a presumption of correctness. Nevertheless, the record and applicable sentencing guidelines support a split sentence.

Trial courts may, at their discretion, require a defendant receiving a community corrections sentence to serve a portion of the sentence in continuous confinement. T.C.A. § 40-35-306(a); T.C.A. 40-36-106(f); see State v. John W. Hill, No. 01C01-9802-CC-00072, Franklin County (Tenn. Crim. App. filed February 25, 1999, at Nashville). There is no mathematical equation to be utilized in determining sentencing alternatives. The sentence should fit the offender as well as the offense. T.C.A. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). Sentencing must be determined on a case by case basis and each sentence must be tailored to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). In addition, trial judges are traditionally vested with broad discretionary powers in sentencing matters. Appellate courts should not place trial judges in a judicial straight-jacket in sentencing matters, and we should be reluctant to interfere with their traditional discretionary powers. Moten v. State, 559 S.W.2d 770, 773 (Tenn. 1977).

Because the defendant was a standard offender convicted of Class C, D, and E felonies, he was presumed to be a favorable candidate for an alternative sentencing option. The trial judge gave the defendant the benefit of this statutory presumption by sentencing him to split confinement, an alternative sentencing option. See State v. Adam Short, No. 03C01-9703-CC-00090, Bledsoe County (Tenn. Crim. App. filed January 28, 1998, at Knoxville). The defendant now seeks the more favorable

7

alternative of serving his entire sentence in community corrections. However, the presentence report reflects that the defendant was forty-two years old at the time of his conviction. He had previously been convicted of driving with a revoked license, public intoxication, and driving under the influence. The defendant had also been convicted of a weapons offense not specifically defined in the presentence report. In light of the defendant's previous criminal history and the seriousness of the convictions in the case at bar, we conclude that split confinement is proper. As such, this contention is without merit.

In sum, we find no merit to the defendant's contentions and thus affirm the judgment of the trial court.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOHN EVERETT WILLIAMS, Judge