# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## APRIL SESSION, 1998

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9707-CC-00272** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **BLOUNT COUNTY** |
| **VS.** | ) | |
| | ) | **HON. D. KELLY THOMAS, JR.** |
| **RAYMOND E. WOODS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Denial of Probation)** |

**FILED**

**July 7, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FOR THE APPELLANT:

SHAWN GRAHAM
Office of the Public Defender
419 High Street
Maryville, TN 37804

GERALD L. GULLEY, JR.
(On Appeal Only)
P. O. Box 1708
Knoxville, TN 37901

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

MIKE FLYNN
District Attorney General

KIRK ANDREWS
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On December 20, 1996, Appellant, Raymond Woods, pled guilty to passing a $19.40 worthless check, for which there was a $15.00 service charge. The trial court accepted the guilty plea. At the sentencing hearing, Appellant testified that he pled guilty because he had missed work often to come to court, and he "wanted to try to get it over with." The trial court asked who had written the check, and Appellant responded that he did not know. Appellant's testimony was that someone had stolen his checks and forged his name, but he did not know who had done so. He also testified that the payee of the check had not done any work for him. An employee of the payee identified Appellant as the person who brought in a radiator to the business to be worked on and as the person who passed the check. Appellant then made a motion to withdraw his guilty plea. The trial court denied the motion and sentenced Appellant to eleven months and twenty-nine days, ninety days to be served in the county jail, the rest to be served on probation. Appellant appeals from the denial of his motion and from the denial of full probation.

After a review of the record, we affirm the judgment of the trial court.

**I. Withdrawal of the Guilty Plea**

Initially, Appellant challenges the trial court's denial of his motion to withdraw the guilty plea. An accused is not entitled to withdraw a plea of guilty as a matter of right. State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995)(*citing* State v. Anderson, 645 S.W.2d 251, 253-54 (Tenn. Crim.

App.1982); 8A Moore's Federal Practice § 32.09[1] at p. 32-87 (1991 Revision)).Whether the accused should be permitted to withdraw a plea of guilty is a question that is addressed to the sound discretion of the trial court regardless of when the motion is filed. Id. at 355 (*citing* Henning v. State, 201 S.W.2d 669, 671(Tenn. 1947); State v. Drake, 720 S.W.2d 798, 799 (Tenn. Crim. App. 1986), per. app. denied (Tenn.1986); State v. Anderson, 645 S.W.2d at 254(Tenn. Crim. App. 1982)). An appellate court will not interfere with the exercise of this discretion unless clear abuse appears on the face of the record. Id. at 355 (citing Henning v. State, 201 S.W.2d at 671; State v. Drake, 720 S.W.2d at 799; State v. Anderson, 645 S.W.2d at 254). On this record, we cannot find that the trial court in any way abused its discretion in denying Appellant's motion. This issue is without merit.

## II. Sentence of Confinement

Appellant also argues that the trial court erred in sentencing him to ninety days in jail and not to a sentence of full probation. When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all the relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Sentencing Reform Act of 1989 established specific procedures which must be followed in sentencing. These procedures, codified at Tennessee Code Annotated § 40-35-210, mandated the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

Tenn. Code Ann. § 40-35-210. The Sentencing Reform Act also provides that the trial court shall place on the record either orally or in writing what enhancement or mitigating factors it found, if any. These findings are crucial for review of the trial court's decision upon appeal. The Act further provides that a defendant who receives a sentence of eight years or less and who is not among those for whom incarceration is a priority is presumed to possess capabilities for rehabilitative alternative sentencing options. State v. Ashby, 823 S.W.2d 166 (Tenn. 1991).

In the matter sub judice, the trial court found that Appellant's prior instances of passing worthless checks indicative of the unlikelihood of Appellant being rehabilitated. The court further found that Appellant's unwillingness to accept responsibility for his crime indicated that Appellant had not "made the first step in being rehabilitated." The trial court accordingly set Appellant's sentence to include confinement. This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
J. CURWOOD WITT, JR., JUDGE