STATE of Tennessee, Appellee,

v.

Billy Raymond DRAKE, a/k/a Billy
Miller, Appellant.

and

STATE of Tennessee, On Relation of
Billy Raymond DRAKE, a/k/a Billy
Miller, Appellant,

v.

James "Red" NEWTON, Sheriff of
Giles County, Appellee.

Court of Criminal Appeals of Tennessee,
at Nashville.

Aug. 12, 1986.

Permission to Appeal Denied by Supreme
Court Nov. 3, 1986.

Jack B. Henry, Robert D. Massey, Henry & Massey, Pulaski, for appellant.

W.J. Michael Cody, Atty. Gen., Charles E. Bush, Asst. Atty. Gen., Nashville, Mike Bottoms, Dist. Atty. Gen., Lawrenceburg, Richard H. Dunavant, Asst. Dist. Atty. Gen., Pulaski, for appellee.

OPINION

SCOTT, Judge.

Pursuant to his plea of guilty, the appellant was convicted of bringing stolen property into the state in violation of TCA § 39-3-115. He received a sentence of three years in the state penitentiary as a Range I, standard offender. He also entered a plea of guilty to a charge of speeding and was sentenced to pay a $10.00 fine, but the entire fine was remitted.

On the same day that he entered his plea of guilty he filed his petition for a writ of habeas corpus. In the petition he sought to block his extradition to the State of Alabama to answer a charge of rape in the first degree, in violation of Ala.Code § 13A-6-61(a)(1).

Over a month after the guilty plea was entered, the appellant also sought, by oral motion, to withdraw his plea of guilty. Two hearings were held on the motion to withdraw the plea. Another hearing was held on the habeas corpus petition. The trial court denied relief in both proceedings.

In his first issue the appellant contends that the trial judge erred by not allowing

him to withdraw his guilty plea. He contends that the plea of guilty was involuntary because, on the date of the plea, he was being treated by a physician and was taking Thorazine. He also contends that he had only an eighth grade education. Taken together, the drug ingestion and his limited education rendered him incapable of fully understanding the consequences of his answers to the judge's questions and the consequences of his plea.

Before sentence is imposed, a motion to withdraw a plea of guilty may be made upon a showing by the defendant of "any fair and just reason." Rule 32(f), Tenn.R. Crim.P. In an opinion released long before that rule was promulgated, our Supreme Court held that the decision whether to grant a motion to withdraw a plea of guilty rests within the sound discretion of the trial judge and is not subject to reversal "unless it clearly appears that there was an abuse of discretion." *Henning v. State,* 184 Tenn. 508, 201 S.W.2d 669, 671 (1947). Since the rule was promulgated, this Court has continued to adhere to the view expressed in *Henning. State v. Anderson,* 645 S.W.2d 251, 254 (Tenn.Cr.App.1982).

At the first hearing on the motion to withdraw his plea, the appellant stated that he did not believe that he had driven the car across the state line. Rather, it was the man with him who drove. However, he admitted that he was the driver at the time he was stopped. He stated his belief that the car was not stolen. He also did not believe that he should plead guilty for something when he did not think that he was guilty. His major complaint was that he wanted the American Civil Liberties Union to represent him vice his appointed counsel.

At another hearing almost a month later, the appellant first alleged that because he was taking Thorazine at the time of the plea that he did not understand everything being said. Particularly, he was concerned that he might eventually be charged in the State of Alabama as an habitual criminal. Furthermore, he stated that he did not know that he would have a record if he entered a plea of guilty, since he thought that his record would be expunged.

The appellate record contains a transcript of the guilty plea proceedings. At that hearing the appellant succinctly answered all of the trial judge's questions. He even gave the judge the correct spelling of the town in New York in which he was born. At that time he also told the trial judge that he had gone to his sophomore year in high school, contrary to his contention that he completed only the eighth grade. Concerning drug usage, the appellant told the trial judge that at the time of the offense he was under the influence of cocaine and Quaaludes to the extent that he did not remember "most of what went on." However, he persisted in his guilty plea. In response to the trial judge's question as to whether he was under the influence of any alcohol or drugs at the time of the guilty plea, the appellant unequivocally denied that he was.

Furthermore, the record reveals that the appellant was very reluctant to return to Alabama. In addition to the serious charge pending there, he was concerned for his personal safety. He testified, and the Chief Deputy Sheriff of Giles County corroborated his allegation, that an Alabama law enforcement officer threatened to "beat the living hell" out of him on the way back to that state.

From all of the hearings, it is clear that the appellant was simply seeking to delay his return to Alabama as long as possible. His effort to withdraw his guilty plea was another step in that process. During his first effort to withdraw the guilty plea, nothing was alleged concerning lack of understanding of the plea. It was only at the second hearing on the motion held a month later that he alleged that he did not understand what was being said at the hearing. The record clearly contradicts his contention. The trial judge did not abuse his discretion in denying the motion to withdraw the guilty plea. This issue has no merit.

As to the habeas corpus petition, the trial judge found that the petition failed to state

a cause of action and dismissed the petition. The appellant contends that was error.

The appellant's habeas corpus petition was based upon the case of *State ex rel. Lea v. Brown*, 166 Tenn. 669, 64 S.W.2d 841, 842 (1933). In that extradition case, our Supreme Court defined a "fugitive from justice" as "one who, being charged with crime in the demanding state, has fled therefrom." It was the appellant's contention that since he was arrested in Giles County, Tennessee, on May 4, 1985 and the warrant charging him with rape was not sworn out until May 7, 1985, that he was not a "fugitive from justice." He would have us adopt a rule that, in order to be a "fugitive from justice," one must have been formally charged in the demanding state prior to his departure to the asylum state.

In *Appleyard v. Massachusetts*, 203 U.S. 222, 227, 27 S.Ct. 122, 123–124, 51 L.Ed. 161, 163 (1906), the United States Supreme Court defined a "fugitive from justice," within the meaning of the U.S. Constitution and the laws of the United States, as a person charged by indictment or affidavit with the commission of a crime within a state "who, after the date of the commission of such crime," leaves the state—no matter for what purpose, with what motive, nor under what belief—"from the time of such leaving." This is the supreme law of the land and may not be disregarded by any state, the Supreme Court said.

■ Extradition is a process created in Article IV, § 2 of the United States Constitution. Shortly after the Constitution was adopted, Congress passed a statute imposing upon the Governor of each state the duty to deliver up fugitives from justice found in each state. 18 U.S.C. § 3182, 1 Stat. 302 (1793). Since this statute imposes only a moral duty on the Governors, the Federal Government has no power to compel a Governor to surrender a fugitive. *Kentucky v. Dennison*, 65 U.S. (24 How.) 66, 110, 16 L.Ed. 717, 730 (1861). Nevertheless, the states have enacted enabling legislation to carry out the constitutional

provision. Tennessee has adopted the Uniform Criminal Extradition Act. TCA § 40–9–101, et. seq.

■ The United States Supreme Court has held that the constitutional provision must not be construed "narrowly and technically," "but liberally to effect (its) important purpose." *Biddinger v. Commissioner of Police*, 245 U.S. 128, 38 S.Ct. 41, 43, 62 L.Ed. 193 (1917), cited with approval in *State ex rel. Lea v. Brown*, supra. Giving the definition of "fugitive from justice" the narrow interpretation sought by the appellant would defeat the intent of the Framers of the Constitution, be contrary to the policy of liberal construction adopted by our highest court, be a much more narrow definition of "fugitive from justice" than that adopted by the Supreme Court of the United States, and, most importantly, would lead to absurd results. It is clear that on the date of the appellant's arrest in Tennessee—the same date the rape was alleged to have occurred in Alabama—he was "a fugitive from justice" even though formal charges had not yet been initiated in that state. He became a fugitive "from the time of his leaving" after the crime was allegedly committed. The trial judge properly dismissed the petition for the writ of habeas corpus for failure to state a cause of action.

Finally, the appellant contends that his rights were somehow violated when the law enforcement officers did not arrest the passenger in his car. He has failed to cite any authority for the proposition that *his* constitutional rights were violated by their refusal to arrest someone else. Thus, as the state contends, this issue was waived. Rule 27(a)(7), T.R.A.P.

The judgments of the trial court denying the motion to withdraw the guilty plea and dismissing the petition for the writ of habeas corpus are affirmed.

O'BRIEN, J., concurs.

DWYER, J., did not participate in this decision.