IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2007

## STATE OF TENNESSEE v. JOHNNY JAMES LLOYD
Appeal from the Criminal Court for Campbell County
No. 12916   E. Shayne Sexton, Judge

No. E2006-02402-CCA-R3-CD - Filed August 10, 2007

In June 2006, the defendant, Johnny James Lloyd, was charged by criminal information with one count of aggravated assault, a Class C felony. The defendant waived issuance of an indictment, pled guilty, and was sentenced to five years in prison as a Range I, standard offender. The defendant filed a timely motion to set aside his guilty plea. Following a hearing, the trial court denied the motion. The defendant appeals, claiming his guilty plea was not entered into voluntarily and knowingly. After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

James M. Webster, Oak Ridge, Tennessee (on appeal); Martha J. Yoakum, District Public Defender; Charles E. Herman, Assistant District Public Defender (at trial), for the appellant, Johnny James Lloyd.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Wm. Paul Phillips, District Attorney General; Scarlett W. Ellis and Michael O. Ripley, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

According to affidavits filed in Campbell County General Sessions Court, on May 23, 2006, Officer Stephanie Smith with the Caryville Police Department investigated a hit and run incident in Caryville. Officer Smith's affidavit stated that the defendant, driving a tan Oldsmobile, hit a three-year-old child with his vehicle three times before fleeing the scene. Later that day, Tennessee Highway Patrol Trooper Stacey Wood pulled over the Oldsmobile, in which the defendant, Johnny James Lloyd, was a passenger. The defendant initially denied driving the vehicle at any point during the day, but the driver informed Trooper Wood that the defendant had in fact driven the vehicle

earlier in the day and had hit the child "several times" before leaving the scene, after which time the defendant and his passenger switched positions in the front seat.

On June 2, 2006, the defendant was charged by criminal information with aggravated assault. The defendant then agreed to enter into a plea in which he would plead guilty to aggravated assault and receive a sentence of five years in prison as a Range I, standard offender. At his plea submission hearing, the defendant acknowledged that he was pleading to aggravated assault, a Class C felony, which carried a potential sentence of three to fifteen years. He stated that he understood that he was proceeding based on a criminal information and that he was waiving his right to have a grand jury determine whether probable cause existed to indict him on the offense. The trial court informed the defendant that he had the right to plead not guilty and have his case tried before a jury. The court also informed the defendant that if he proceeded to trial, he would have the right to testify, to subpoena witnesses on his behalf, to cross-examine the state's witnesses, and to appeal. The court informed the defendant that he would be giving up those rights by pleading guilty, and that the conviction in this case could be used to enhance his punishments for any future convictions. The defendant acknowledged that he understood his rights as explained by the court.

The defendant testified that he had an eighth-grade education and that he could read and write "[a] little bit." He testified that his attorney had read the plea agreement to him prior to the hearing, and that he had the opportunity to ask his attorney questions about the plea agreement. The defendant testified that in signing the agreement, he was indicating that he understood its contents. He stated that he was not under the influence of alcohol, drugs, or medication that would prevent him from understanding the proceedings. The defendant stated that he was pleading guilty of his own free will and that nobody had forced him to enter a guilty plea.

After the above exchange between the defendant and the trial court, the defendant stated that he was not satisfied with his attorney's representation. When asked the reasons for his dissatisfaction, the defendant stated, "I['m] just not—I'm not." However, the defendant later stated, "Well, I'm not dissatisfied with him, I guess." The defendant then acknowledged that he was in fact satisfied with counsel's representation and that counsel had investigated the facts and researched the law of the case. When read a statement of evidence against him, both the defendant and counsel acknowledged that the statement accurately reflected the facts of the case.

On June 29, 2006, the defendant, after a change in counsel, filed a motion, pursuant to Rule 32(f) of the Tennessee Rules of Criminal Procedure, to set aside his guilty plea. On September 18, 2006, a hearing on the defendant's motion was held. At the hearing, the defendant alleged that based on the short amount of time that had passed between the offense and the guilty plea, the defendant could not have voluntarily and knowingly entered into the guilty plea. However, the defendant did not present evidence to support his assertion, and the trial court denied the defendant's motion.

ANALYSIS

A defendant may seek to withdraw a guilty plea for any fair and just reason before the trial court imposes the sentence. Tenn. R. Crim. P. 32(f)(1). Once the trial court imposes the sentence but before the judgment becomes final, the court "may set aside the judgment of conviction and permit the defendant to withdraw the plea" in order to correct manifest injustice. Tenn. R. Crim. P. 32(f)(2). Our supreme court has held that

> [w]ithdrawal to correct manifest injustice is warranted where: (1) the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily"; (2) the prosecution failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

State v. Crowe, 168 S.W.3d 731, 742 (Tenn. 2005) (internal citations omitted). This court has also held that "[w]here there is a denial of due process, there is a manifest injustice as a matter of law." State v. Davis, 823 S.W.2d 217, 200 (Tenn. Crim. App. 1991). Conversely, a trial court will not, as a general rule, permit the withdrawal of a guilty plea when the basis of the relief is predicated upon (a) an accused's change of heart, (b) the entry of the plea to avoid harsher punishment, or (c) an accused's dissatisfaction with the harsh punishment imposed by a trial court or a jury. State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). The appellate court is bound to uphold the trial court's determinations regarding the withdrawal of a guilty plea unless the record demonstrates that the trial court abused its discretion. Id.; State v. Drake, 720 S.W.2d 798, 799 (Tenn. Crim. App.1986).

In this case, the defendant has failed to prove that the trial court abused its discretion in denying his motion to withdraw his guilty plea. The defendant alleges that his plea was not knowingly and voluntarily entered into and that the defendant, "by his lack of education and understanding of the need for impartiality in the system agreed to subject himself to what amounted to nothing more than a well orchestrated denial of his rights by the state." However, the defendant has failed to present evidence that he did not understand his rights or the implications of his guilty plea. Instead, the record indicates that the defendant did not find fault with his counsel's representation during the plea agreement and that the trial court went through an "exhaustive questioning and answering dialogue with [this] defendant for the purpose of establishing the fact that the defendant [made] a knowing[,] intelligent and voluntary waiver of all the rights that he . . . might have incumbent to trial, regardless of the time period between the charge and the date of disposition." Therefore, the defendant is not entitled to relief on this issue.

-3-

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
_____D. KELLY THOMAS, JR., JUDGE