IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 2, 2010

**STATE OF TENNESSEE v. JOE MARVIN ELLISON**

**Direct Appeal from the Circuit Court for Madison County**
**No. 09-127     Roy B. Morgan, Jr., Judge**

_____

**No. W2009-01134-CCA-R3-CD  - Filed March 16, 2010**

_____

The defendant, Joe Marvin Ellison, pled guilty to aggravated assault, aggravated robbery, aggravated kidnapping, and rape for an effective sentence of twenty-five years in the Department of Correction.  He subsequently filed a motion to withdraw his guilty pleas, which was denied by the trial court.  On appeal, he argues that the trial court erred in denying his motion.  After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J.,  and JOHN EVERETT WILLIAMS, J., joined.

Joseph T. Howell, Jackson, Tennessee (on appeal); and Susan D. Korsnes, Assistant Public Defender (at hearing), for the appellant, Joe Marvin Ellison.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On March 2, 2009, the defendant was charged in a five-count indictment with attempted first degree murder, aggravated assault, especially aggravated robbery, especially aggravated kidnapping, and aggravated rape.  The facts from the affidavit of complaint giving rise to the indictment established that the victim, Patricia Currie, was at her home watching television the evening of July 23, 2008, around 9:45 p.m. when she heard a noise.

The victim was startled to see the defendant, whom she knew as Joe Turner, standing in her living room. The defendant initially asked for money, but she told him she had none. He put a dog chain around her neck and started strangling her, so she told him that she had money in her bedroom. The defendant took the victim to her bedroom and began looking through her belongings. She gave him twenty-four dollars out of her purse. The defendant threw her on the bed and started taking off her clothes. The defendant "had a condom on and started strangling her till she pas[sed] out." The victim awoke later to find her pants at her ankles. The victim helped the police in developing a suspect, and the defendant was included in a six-person photographic array that was shown to the victim. The victim positively identified the defendant as her assailant.

On April 13, 2009, the defendant and the State entered into a negotiated plea agreement whereby the attempted murder charge was dismissed, and the defendant agreed to serve fifteen years at 60% for aggravated assault, twenty-five years at 45% for aggravated robbery, twenty-five years at 100% for aggravated kidnapping, and twenty-five years at 100% for rape. The State recommended that all the sentences run concurrently for an effective term of twenty-five years. After a plea hearing, the trial court accepted the negotiated plea agreement and entered judgment on April 16, 2009.

On April 28, 2009, a letter from the defendant to the trial court was filed with the Madison County Circuit Court Clerk. In that letter, the defendant told the court that he wanted to withdraw his guilty pleas because he felt he was coerced by his attorney into accepting the plea agreement, he did not fully understand or comprehend the agreement, and his attorney acted inappropriately and rendered ineffective assistance. The defendant subsequently filed a formal *pro se* motion to withdraw his guilty pleas. In that motion, the defendant argued that his pleas should be set aside because he was innocent of the charges and a manifest injustice would occur if the pleas were not withdrawn. He also asserted that the pleas were "a direct result of coercion" placed on him by his attorney.

At the hearing on the defendant's motion, the defendant testified that when the trial court informed him at the plea hearing that his sentences for aggravated kidnapping and rape were "outside [his] range," he hesitated until his attorney "whispered in [his] ear . . . kind of coercing [him] to go ahead on and sign it." He claimed that his attorney did not inform him of the range of punishment applicable for each of his offenses. He said that his attorney assured him that "[i]t[] [was] going to be all right," and he assumed that being an attorney, "she kn[ew] what she[] [was] talking about."

At the conclusion of the hearing, the trial court denied the defendant's motion to withdraw his guilty pleas, and the defendant appealed.

-2-

## ANALYSIS

On appeal, the defendant argues that the trial court erred in denying his motion to withdraw his guilty pleas because he received the ineffective assistance of counsel and his pleas were not knowingly entered.

Tennessee Rule of Criminal Procedure 32(f)(1) provides that a trial court may grant a motion to withdraw a guilty plea "for any fair and just reason" before sentence is imposed, or to correct manifest injustice after the sentence is imposed but before the judgment becomes final. Manifest injustice is present where (1) the plea was entered as a result of fear, fraud, or misunderstanding; (2) the State failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963); (3) the plea was not knowingly, understandingly, and voluntarily entered; or (4) the defendant was denied the effective assistance of counsel in connection with entering the plea. State v. Crowe, 168 S.W.3d 731, 742 (Tenn. 2005). Manifest injustice may exist in the absence of a constitutional violation, but where there is a denial of due process there is manifest injustice as a matter of law. Id. at 742-43.

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. See U.S. Const. Amend. VI; Tenn. Const. art. I, § 9. To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687, 104 S. Ct. at 2064.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness

-3-

under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "In cases involving a guilty plea or plea of nolo contendere, the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998) (citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991)).

When analyzing a guilty plea, we look to the federal standard announced in Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969), and the state standard set out in State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). In Boykin, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242, 89 S. Ct. at 1711. Similarly, in Mackey, our supreme court required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. Pettus, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

A defendant who submits a guilty plea is not entitled to withdraw the plea as a matter of right. See State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). Moreover, it is well settled that a defendant's mere change of heart about pleading guilty does not constitute manifest injustice warranting withdrawal. Crowe, 168 S.W.3d at 743. It is the defendant's burden to establish that his guilty plea should be withdrawn. Turner, 919 S.W.2d at 355. The decision whether to grant a motion to withdraw a plea of guilty rests with the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Drake, 720 S.W.2d 798, 799 (Tenn. Crim. App. 1986).

In denying the defendant's motion, the trial court made the following findings from the bench:

[The defendant], you have not submitted to this Court today, to any degree, any manifest injustice. You just essentially -- apparently want to change your mind. . . . I was so very thorough with you. . . . I don't want any [d]efendant to enter a guilty plea if it's not what they don't [sic] want to do.

That's why I take the time to go over it with you. And in your case particularly, explained to you what you were doing at the time and specifically pleading outside your range. You have not given any substantial or material change in circumstances as you testified. You have not set forth any basis to allow the withdrawal to correct a manifest injustice. And for those reasons I've got to deny the request to withdraw the plea.

In its written order, the trial court additionally found that the defendant's guilty pleas on April 13, 2009, were knowingly, intelligently, and voluntarily entered.

We initially note that the trial court apparently discredited the defendant's allegation that he contacted his attorney on April 15, prior to entry of the judgments, informing her that he wished to withdraw his guilty pleas. Regardless, because the defendant filed his motion after sentencing, the defendant had to prove that manifest injustice would result if he was not allowed to withdraw his pleas. We discern no abuse of discretion in the trial court's conclusion that the defendant did not carry this burden.

The defendant's allegation that he did not understand the pleas and range of punishment for each of the charged offenses was contradicted by his averments at the plea hearing that he understood each of those things. In this regard, the trial court specifically informed the defendant on the potential range of punishment for each offense, the sentence and release eligibility he was receiving on each offense, and that he was pleading out of range on two of the offenses. The defendant's allegations that his attorney coerced him into pleading guilty and rendered ineffective assistance were contradicted by his averments at the plea hearing that his pleas were not the result of any force, pressure, or threats and that he was satisfied with his attorney's representation. Moreover, the defendant related no specific improper threats that his attorney made to him to "coerce" him into accepting the plea agreement.

The record shows that the defendant committed the present offenses while on parole and that he had a number of previous experiences with the criminal justice system. The record further shows that the trial court thoroughly admonished the defendant regarding the aspects of his pleas, and the defendant stated in open court that he understood and wanted the court to approve the pleas. The defendant's pleas were knowingly and voluntarily entered with the effective assistance of counsel. The defendant's wish to withdraw his pleas

-5-

appears due to nothing more than a change of heart.

## CONCLUSION

Because the defendant has not established that manifest injustice resulted from his guilty pleas, we conclude that the trial court did not abuse its discretion in refusing to allow the defendant to withdraw his pleas.  Therefore, based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE