# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### STATE OF TENNESSEE v. BILLY WAYNE PRICE

**Direct Appeal from the Circuit Court for Gibson County**
**No. H 7132     Clayburn Peeples, Judge**

---

**No. W2007-02816-CCA-R3-CD  - Filed September 8, 2008**

---

The petitioner, Billy Wayne Price, pro se appeals the trial court's denial of his petition to withdraw his guilty plea.  He pled guilty in 2003 for selling a Schedule II controlled substance and received a ten-year sentence to be served on probation.  His probation was subsequently revoked, and the petitioner later filed his motion to withdraw his plea.  After careful review, we conclude that the petitioner has failed to provide a complete record on appeal by omitting a transcript of the guilty plea hearing; therefore, the petitioner's appeal is dismissed.

### Tenn. R. App. P. 3; Appeal Dismissed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Billy Wayne Price, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner appeals the trial court's denial of his petition to withdraw his guilty plea.  The State has filed a motion to dismiss the appeal or, in the alternative, to affirm the judgment from the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The State moves this court to dismiss the appeal on the grounds that the petitioner has failed to provide the transcript of the guilty plea hearing.

In order for this court to review the trial court's summary dismissal of the petitioner's motion to withdraw his guilty plea, a transcribed record of the guilty plea hearing is required.

In February 2003, the petitioner pled guilty to selling a Schedule II controlled substance in an amount more than 0.5 grams and received a ten-year sentence to be served as a Range I, standard offender.  His sentence was to be served on probation, but probation was revoked on January 28,

2005. The petitioner filed a pro se petition to withdraw his guilty plea on October 22, 2007. The trial court dismissed the petition by written order on December 6, 2007. Here, the petitioner argues that the trial court should not have summarily dismissed his petition and contends that his guilty plea was not voluntarily and intelligently entered because he believed he was receiving an eight-year sentence instead of a ten-year sentence.

Tennessee Rule of Criminal Procedure 32(f) states that a plea of guilty may be withdrawn under particular circumstances:

> (1) Before Sentence Imposed.
>    Before the sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.
> (2) After Sentence But Before Final Judgment.
>    After the sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the petitioner to withdraw the plea to correct manifest injustice.

This petitioner had been sentenced at the time he sought to withdraw his plea of guilty and the judgment. In *State v. Green*, 106 S.W.3d 646 (Tenn. 2003), the Tennessee Supreme Court held that a judgment of conviction based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence. This court has also previously concluded that the decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial judge and is not subject to reversal, unless it clearly appears that there was an abuse of discretion. *State v. Drake*, 720 S.W.2d 798 (Tenn. Crim. App. 1986).

The State argues, and we agree, that the petitioner has failed to present an adequate record for our review. He asserts that he did not voluntarily and intelligently enter his plea but failed to provide the transcript of the guilty plea hearing in the record on appeal. The appellant bears the burden of preparing a complete record on appeal. *See State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from reviewing the issue." *Ballard*, 855 S.W.2d at 560-61; Tenn. R. App. P. 24(b).

The State requests that we consider that nothing in the record indicates the petitioner did not know he would receive a sentence of ten years in exchange for his guilty plea. The petitioner signed the guilty plea form and the probation order, which both reflect a ten-year sentence. There is no indication of a "manifest injustice" that requires the setting aside of the petitioner's guilty plea.

Accordingly, we dismiss the petitioner's appeal.

_____
JOHN EVERETT WILLIAMS, JUDGE