IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1996 SESSION

FILED

September 9, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9510-CC-00301 |
| | ) | |
| | ) | Sullivan County |
| v. | ) | |
| | ) | Hon. Frank L. Slaughter, Judge |
| | ) | |
| JAMES A. BEAR, | ) | (Theft of property) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Lon V. Boyd
P.O. Box 723
154 Cherokee Street
Kingsport, TN 37660
(On appeal)

Cary C. Taylor
547 East Sullivan Street
Kingsport, TN 37660
(At trial)

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
        and
Timothy F. Behan
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

H. Greeley Wells, Jr.
District Attorney General
        and
Teresa M. Smith
Assistant District Attorney General
P.O. Box 526
Blountville, TN 37617

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, James A. Bear, was convicted in the Sullivan County Criminal Court upon his plea of guilty to theft of property valued at more than one $1,000.00 but less than $10,000.00, a Class D felony. He was sentenced as a Range II, multiple offender to four years to be served in the custody of the Department of Correction. In this appeal as of right, he contends that the trial court erred in refusing to allow him to withdraw his guilty plea. Based upon the record before us, we affirm the trial court.

Although the record on appeal does not include a transcript of the defendant's April 1995 guilty plea hearing, it reflects that the case related to the defendant receiving a check for $2,916.00 that was issued to his former employer by a third party. The defendant endorsed and deposited the check into his personal account. The record indicates that the defendant's guilty plea was pursuant to an agreement with the state and that the state would recommend a four-year sentence as a Range II offender. A "probation hearing" was set for a later date.[1]

However, on the day of the probation hearing, the defendant filed a motion to withdraw his guilty plea. In the motion, personally signed by him, the defendant alleged that at the time of his guilty plea, he was going through a divorce proceeding and was under heavy pressure and threats of a longer sentence.[2] The trial court stated that it would not hear the motion to withdraw at that time, but would entertain a motion once a transcript of the guilty plea hearing had been prepared. The defendant persisted in attempting to explain why he wanted to withdraw his guilty plea.

---

[1]Although the record reflects that the defendant's four-year sentence was imposed at the time of his guilty plea and that the issue of probation was deferred to a later date, we note that T.C.A. § 40-35-303(e) provides that the issue of probation is to be decided at the time of the sentencing hearing.

[2]The defendant's adult and juvenile records reflect a steady history of criminal conduct from 1970 to the present including, but not limited to, bad checks (for example, sixty-two counts in a 1977 case), car theft, credit card theft and fraud, forgery and embezzlement. This record indicates that absent agreement, the defendant was realistically exposed upon conviction to a maximum sentence of twelve years.

Ultimately, the trial court said it was going to deny the defendant's motion based upon its recollection that the defendant had entered his plea voluntarily, knowingly and intelligently and upon its suspicions that the defendant was attempting to manipulate the case by withdrawing the plea at such a late date. However, the trial court also indicated that it would entertain a motion to reconsider if filed, indicating that the defendant would receive a full hearing on the issue of his plea if he so desired. At the end of the hearing, the trial court denied probation and allowed the defendant's previous attorney to withdraw. The defendant did not file a motion to reconsider, but chose to appeal instead.

The defendant now argues that he did not enter his plea voluntarily and was not fully aware of the consequences of his plea. He points to his former attorney noting at the probation hearing that the defendant was rather reluctant to enter a guilty plea. He asserts that the trial court should have set aside his guilty plea to "correct manifest injustice."

Pursuant to Rule 32(f), Tenn. R. Crim. P., a guilty plea may be withdrawn before sentencing if a "fair and just reason" is shown and after sentencing "to correct manifest injustice."[3] However, the decision to allow a withdrawal rests within the sound discretion of the trial court and is not subject to reversal unless there is an abuse of discretion. State v. Drake, 720 S.W.2d 798, 799 (Tenn. Crim. App. 1986). In this respect, it was incumbent upon the defendant, as the appellant, to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." T.R.A.P. 24(b). Unfortunately, in the present case the failure of the record to contain a transcript of the guilty plea hearing precludes us from conducting a complete review of the trial court record relevant to the question of the defendant's

---

[3]Given the fact that the defendant was awaiting the trial court's decision on the issue of probation, we view the presentence standard to have applied at the time of the trial court's ruling.

request for withdrawal of his guilty plea. As a matter of policy when faced with an incomplete record, we presume that the ruling of the trial court was correct upon the complete record. See State v. Brown, 756 S.W.2d 700, 705 (Tenn. Crim. App. 1988).

The record on appeal reflects that the trial court relied heavily upon the events disclosed during the guilty plea hearing. We are in no position to disagree with its rulings under the record before us. Moreover, we conclude that the record before us does not, by itself, justify giving the defendant the relief he seeks. The judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Paul G. Summers, Judge


_____
Charles Lee, Special Judge

4