# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 1, 2011

## STATE OF TENNESSEE v. PHILLIP WAYNE FLOWERS

**Direct Appeal from the Circuit Court for Gibson County**
**No. 17593      Clayburn L. Peeples, Judge**

---

**No. W2010-00980-CCA-R3-CD  - Filed May 5, 2011**

---

The defendant, Phillip Wayne Flowers, who pled guilty to one count of sexual battery, a Class E felony, and was sentenced to one year on community corrections, appeals the trial court's denial of his motion to withdraw his guilty plea.  After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); and Tom W. Crider, District Public Defender (at trial and on appeal); and Rachele Scott, Assistant Public Defender (at trial), for the appellant, Phillip Wayne Flowers.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Garry G. Brown, District Attorney General; and Edward L. Hardister, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS and PROCEDURAL HISTORY

In early March 2007, the defendant was indicted on one count of sexual battery by an authority figure and one count of sexual battery related to acts allegedly committed against his stepdaughter.  The sexual battery by an authority figure charge was dismissed, and the defendant pled guilty to sexual battery on May 7, 2007.  He was sentenced to one year on community corrections as a standard offender.  The judgment form states that judgment was entered and sentenced imposed on May 7, 2007, and bears a file-stamp date

of May 29, 2007. However, a sentencing order is also present in the record, which bears a file-stamp date of June 4, 2007.

On June 5, 2007, the defendant, through counsel, filed a motion to withdraw his guilty plea based on the victim's recanting her allegation against the defendant. A hearing was held on the matter on September 17, 2007, but no proof was offered. The State argued that any recantation by the victim was unreliable because she had recanted once before after having been pressured by her family. The State also pointed out that the defendant, who had a drinking problem, had admitted to inadvertently touching the victim's breast when he was intoxicated. Defense counsel asserted that they had a tape recording of the victim's latest recantation and that the victim was questioned concerning whether she had been pressured to recant. Defense counsel stated that the victim maintained that she had not been pressured and was recanting because the allegations against the defendant had not happened. The trial court observed that it did not believe that a recantation was justification for withdrawal of a guilty plea under the law and denied the defendant's motion. However, the court asked for a transcript of the tape recording of the victim's recantation.

At a hearing on March 24, 2008, the State acknowledged that the victim had recanted her allegations and that she continued to maintain that she had fabricated the allegations. However, the State asserted that there was a history of the victim being manipulated. The court denied the motion to withdraw but later stayed that order after a motion to reconsider by the defendant indicated that the defendant had not been present at the hearing.

On May 7, 2008, the trial court entered an order finding that the defendant had completed his sentence.

At a hearing on July 28, 2008, the trial court instructed defense counsel to provide a synopsis of what the defendant's witnesses would say if they testified. The trial court stated that it would make a determination as to whether it would grant a hearing after it reviewed the synopsis.

At a hearing on November 24, 2008, defense counsel informed the court that two of the defense witnesses had not been served with subpoenas. The court again denied the defendant's motion to withdraw but informed the defendant that he could submit a written offer of proof and set the matter for another court date.

Thereafter, the case was continued at least twice, and on September 14, 2009, the trial court filed an order permitting the defendant to depose the State's witnesses. The State objected to the taking of depositions, and the trial court ordered that the defendant make his offer of proof in the form of affidavits of the witnesses.

It appears that the next substantial action in the case occurred on March 19, 2010, when the defendant filed a motion for reconsideration of the trial court's decision not to grant him a hearing on the merits of his motion to withdraw his guilty plea. The defendant attached to his motion affidavits from the victim and three other witnesses who stated that the victim told them that she lied about the allegations against the defendant.

At a hearing on March 29, 2010, the trial court denied the defendant's motion to reconsider. The court entered a written order on April 5, 2010. In its order, the court observed that the victim had recanted her statement prior to the preliminary hearing, but then stated that she had been coerced into recanting and testified at the preliminary hearing, and then later recanted after the guilty plea. The court found that there was no legal authority upon which to grant the defendant's motion to withdraw and denied the motion.

## ANALYSIS

On appeal, the defendant argues that the trial court erred in denying his motion to withdraw his guilty plea because a recantation by the victim meets the standard of "manifest injustice" required to withdraw a plea after sentencing. He asks that this court permit him to either withdraw his guilty plea or require a full evidentiary hearing on his motion.

As an initial matter, we note that the defendant has failed to include a transcript of the guilty plea hearing in the record on appeal. A transcript of the plea hearing in which the State's proof of the defendant's guilt was set out would likely be relevant to our consideration of the issue. It is the duty of the defendant "to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citing State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)). "Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue." Id. at 561.

Waiver notwithstanding, Tennessee Rule of Criminal Procedure 32(f)(1) provides that a trial court may grant a motion to withdraw a guilty plea "for any fair and just reason" before sentence is imposed, or to correct manifest injustice after the sentence is imposed but before the judgment becomes final. Manifest injustice is present where (1) the plea was entered as a result of fear, fraud, or misunderstanding; (2) the State failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963); (3) the plea was not knowingly, understandingly, and voluntarily entered; or (4) the defendant was denied the effective assistance of counsel in connection with entering the plea. State v. Crowe, 168 S.W.3d 731, 742 (Tenn. 2005). It is the defendant's burden of establishing that the plea of guilty should be withdrawn to prevent "manifest injustice." State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). In determining whether the defendant has

carried this burden, the trial court must determine whether the defendant and any witnesses presented to establish "manifest injustice" are credible. Id. The decision whether to grant a motion to withdraw a plea of guilty rests with the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Drake, 720 S.W.2d 798, 799 (Tenn. Crim. App. 1986).

As conceded by the defendant, because he filed his motion to withdraw after his sentence was imposed, his motion should have only been granted to correct a manifest injustice. Relying on the affidavits of three witnesses claiming that the victim told them that she had lied about her allegations against the defendant, and an affidavit from the victim herself and transcript of her recorded recantation, the defendant argues that his innocence is "clearly demonstrate[d]."

The defendant was presumably aware of whether he committed the charged crime, but nevertheless chose to enter a plea. Thus, his plea was knowing and voluntary. In addition, there are no allegations that the defendant entered the plea as a result of fear, fraud, or misunderstanding; that the State failed to disclose exculpatory evidence; or that the defendant was denied the effective assistance of counsel in connection with entering the plea. Furthermore, this court has previously suggested that a recantation by a victim does not satisfy the manifest injustice standard. See Charles Gates v. State, No. 03C01-9510-CC-00313, 1997 WL 674771, at *4 (Tenn. Crim. App. Oct. 31, 1997), perm. to appeal denied (Tenn. Mar. 2, 1998). In light of the trial court's implicit credibility determination against the victim in its finding that the victim had previously recanted her accusations and then affirmed her accusations and then recanted again, we cannot conclude that the trial court abused its discretion in denying the defendant's motion to withdraw his guilty plea.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

-4-