
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 8, 2016

## STATE OF TENNESSEE v. ROBERT L. LUMPKIN

**Appeal from the Circuit Court for Dickson County**
**Nos. 22CC-2014-CR-359, 22CC-2014-CR-147     David D. Wolfe, Judge**

—————————

### No. M2016-00878-CCA-R3-CD

—————————

The defendant, Robert L. Lumpkin, appeals the Dickson County Circuit Court's denial of his motion to withdraw his guilty pleas to aggravated sexual battery and sexual exploitation of a minor, arguing that he did not understand the lifetime supervision aspect of the sex offender registry at the time he entered his pleas. Following our review, we affirm the judgment of the trial court denying the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. THOMAS T. WOODALL, P.J., not participating.

Steven S. Hooper, Waverly, Tennessee, for the appellant, Robert L. Lumpkin.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Wendell R. Crouch, Jr., District Attorney General; and Carey J. Thompson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## FACTS

In April 2014, the Dickson County Grand Jury returned a presentment in Case Number 22CC-2014-CR-147 charging the defendant with four counts of rape of a child, a Class A felony. In August 2014, the Dickson County Grand Jury returned a second presentment in Case Number 22CC-2014-CR-359 charging the defendant with sexual exploitation of a minor based on his possession of more than 100 images of child pornography and especially aggravated sexual exploitation of a minor, Class B felonies.

On August 28, 2015, the defendant entered nolo contendere guilty pleas in both cases, pleading guilty in count one of case number 22CC-2014-CR-147 to the lesser charge of aggravated sexual battery, a Class B felony, in exchange for an eight-year sentence at 100% and registration as a sex offender, with the remaining counts of the presentment dismissed. In case number 22CC-2014-CR-359, the defendant pled guilty in count one to sexual exploitation of a minor (more than 100 images), in exchange for eight years at 100% in the Department of Correction and registration as a sex offender, to be served concurrently with his sentence in case number 22CC-2014-CR-147. The second count of the presentment was dismissed.

The defendant subsequently filed a pro se motion to withdraw his guilty pleas. That motion is not included in the record. However, in an October 14, 2015 motion to withdraw as counsel, which is included in the record, trial counsel referenced the defendant's "timely" motion to withdraw his pleas. On November 4, 2015, the trial court entered an order granting trial counsel's motion to withdraw as counsel and appointing substitute counsel.

At the March 15, 2016 hearing on the motion to withdraw the pleas, the defendant testified that trial counsel met with him only two or three times before he entered his pleas. He said that trial counsel reviewed with him the charges and the potential punishment he faced, but he did not understand all of it. Counsel discussed the plea agreement with him, and he understood it involved an eight-year sentence, but counsel only "vaguely" discussed with him the lifetime supervision aspect of the plea. Had he fully understood that aspect of the sentence, he "more than likely" would have opted to proceed to trial.

On cross-examination, the defendant acknowledged that he assured the trial court at the guilty plea hearing that he understood his sentence would require supervision for life. The defendant testified that he thought he understood the requirement at the time but that he did not "actually . . . know exactly what" it involved because trial counsel told him he would be on the sex offender registry for life without fully explaining it. On redirect examination, he reiterated that he had not understood all the requirements of the sex offender registry at the time he entered his pleas.

Trial counsel testified that, in addition to meeting with the defendant in person once or possibly twice, he talked with him "on the phone numerous times." He said he discussed with the defendant the charges he faced, the facts of the case, and the potential sentences, explaining to him both verbally and in two letters the significant time he faced if convicted of the indicted offenses. He also discussed with the defendant the sex offender registry, telling him "a little bit" about it, including how he had to stay away from children, could not live in certain places, had to avoid jobs involving children, and

would be subject to its rules for the rest of his life. According to counsel, defendant never had any questions about it. On cross-examination, trial counsel testified that he did not discuss with the defendant all the details involved in community supervision for life.

At the conclusion of the hearing, the trial court denied the defendant's motion to withdraw his pleas, finding that the defendant's pleas were voluntarily and knowingly entered and that it would not serve the ends of justice for the defendant to be allowed to withdraw his pleas.

## ANALYSIS

The defendant contends that the trial court erred in denying his motion to withdraw his guilty pleas, arguing that they were not entered knowingly, voluntarily, and intelligently because he did not fully understand all aspects of the plea agreement. Specifically, he asserts that he "did not realize or understand that he would be on supervised probation for life." The State responds by arguing that the defendant has waived appellate review by failing to provide an adequate record on appeal. In the alternative, the State argues that the trial court properly concluded that the defendant's pleas were knowing, intelligent, and voluntary.

As an initial matter, we agree with the State that the defendant failed to provide an adequate record for review by not including a transcript of the guilty plea hearing. It is the defendant's duty to provide a record that is sufficient "to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," Tenn. R. App. P. 24(a), and a defendant who fails to make an argument on an issue or appropriate citations to the record waives the issue on appellate review. See Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). We, therefore, conclude that the defendant has waived the issue on appeal.

Even if not waived, we would deny the defendant relief. Tennessee Rule of Criminal Procedure 32(f)(1) provides that a trial court may grant a motion to withdraw a guilty plea "for any fair and just reason" before sentence is imposed, or to correct manifest injustice after the sentence is imposed but before the judgment becomes final. Granting a motion to withdraw a guilty plea to correct manifest injustice may be warranted where (1) the plea was entered as a result of fear, fraud, or misunderstanding; (2) the State failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963); (3) the plea was not knowingly, understandingly, and voluntarily entered; or (4) the defendant was denied the effective assistance of counsel in connection with entering the plea. State v. Crowe, 168 S.W.3d 731, 742 (Tenn. 2005). It is the defendant's burden of establishing that the plea of guilty should be withdrawn to prevent "manifest injustice." State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995).

-3-

The decision whether to grant a motion to withdraw a plea of guilty rests with the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Drake, 720 S.W.2d 798, 799 (Tenn. Crim. App. 1986).

In denying the motion to withdraw the guilty pleas, the trial court reviewed the transcript of the guilty plea hearing, quoting from portions of it to show that the defendant was specifically informed that he would "be on the sexual offender registry for life" and would "need supervision for life." The trial court noted that, immediately after being informed that he would need supervision "for life," the defendant answered in the affirmative when asked if he understood "all of that" and in the negative when asked if he had any questions. We, thus, agree with the State that the limited record on appeal supports the trial court's finding that the defendant's pleas were knowingly, intelligently, and voluntarily entered.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court denying the defendant's motion to withdraw his pleas.

_____
ALAN E. GLENN, JUDGE