IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 1, 2018 Session

FILED
08/30/2018
Clerk of the
Appellate Courts

## STATE OF TENNESSEE v. HOUSTON THOMAS WILKES

**Appeal from the Circuit Court for Carroll County**
**No. 16-CR-64        Donald E. Parish, Judge**

_____

### No. W2017-00798-CCA-R3-CD

_____

The Defendant, Houston Thomas Wilkes, appeals the trial court's denial of his motion to withdraw his guilty plea, arguing that trial counsel coerced him into entering the guilty plea and that the State withheld potentially exculpatory evidence, such that his plea was not knowing and voluntary. He further argues that these circumstances led to manifest injustice, and the trial court therefore abused its discretion in refusing to allow the withdrawal of his guilty plea. After review, we affirm the denial of the motion to withdraw his guilty plea.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, Houston Thomas Wilkes.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Lisa Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The Carroll County Grand Jury returned a thirteen-count indictment against the Defendant on May 2, 2016. The indictment consisted of three counts of evading arrest;

three counts of driving while his license was cancelled, suspended, or revoked; two counts of possession of drug paraphernalia; two counts of aggravated assault; reckless endangerment; possession of methamphetamine with the intent to deliver; and unlawful possession of a weapon. The State then filed a discovery list and a notice of intent to seek enhanced punishment. The Defendant entered into a plea deal with the State where he agreed to plead guilty as a Range II offender to two counts of evading arrest; one count of driving while his license was cancelled, suspended, or revoked; two counts of aggravated assault; and one count of possession of methamphetamine with the intent to deliver in exchange for an effective ten-year sentence to be served in the Department of Correction with 146 days of jail credit.

The Defendant filed a request for acceptance of plea of guilty and a petition to waive trial by jury and waive an appeal on July 15, 2016. He signed the request, which stated that he had discussed the indictment with his attorney and was not forced to plead guilty. The trial court heard the request the same day and questioned the Defendant regarding the circumstances of his plea. The Defendant affirmed that he had "ample opportunity" to discuss his plea with his attorney and was satisfied with his attorney's advice. He further affirmed that he was pleading guilty of his own free will, was not threatened or forced, and understood the rights he forfeited by pleading guilty. The court accordingly accepted his plea, finding he made it freely and voluntarily, and sentenced him to the negotiated ten-year confinement. Judgment was entered on August 10, 2016, and on August 15, 2016, the Defendant filed a motion to withdraw his guilty plea, stating only that he would support the motion with testimony at the motion hearing. The Defendant subsequently requested and was granted additional time to file an amended pleading, though no such pleading was ever filed.

Although the State filed a motion to dismiss the Defendant's motion to withdraw on the grounds that it was facially invalid, the court conducted a hearing on the Defendant's motion on February 17, 2017. At the hearing, the Defendant testified that he "felt like [he] was coerced" into accepting the plea agreement because trial counsel did not visit him in jail to discuss the plea. He further testified that trial counsel told him and his wife that the State was going to give him thirty years if he did not agree to ten years, causing his wife to cry and beg the Defendant to accept the plea deal. The Defendant stated that trial counsel "coerced [him] into signing the ten with fear, [be]cause he told [him] [he] was going to get thirty years" if he did not accept the plea deal. On cross-examination, however, the Defendant again stated that he entered his guilty plea freely and voluntarily. The Defendant further testified on cross-examination that although trial counsel did not tell him "what the evidence was" against him, he still had not reviewed the evidence at the time of the hearing and did not need to review it because "half of the charges . . . wasn't even [him]."

- 2 -

The Defendant's wife, Brandy Wilkes, also testified at the hearing that trial counsel told her the Defendant would be sentenced to thirty years if he did not accept the ten-year plea deal. Mrs. Wilkes echoed the Defendant's testimony, stating that trial counsel did not share with her the State's evidence, that the Defendant was innocent of some charges, and that the possibility of the Defendant serving thirty years in confinement scared her.

At the close of the hearing, the trial court declined to allow the Defendant to withdraw his guilty plea, stating that the motion was "deficient on its face" and he had presented "no legal basis" at the hearing to justify withdrawing the guilty plea. The court noted that without the plea agreement, the Defendant could have been sentenced to "significant" jail time based on the seriousness of the original thirteen charges.

## ANALYSIS

On appeal, the Defendant argues that he should have been allowed to withdraw his guilty plea because it was not freely and voluntarily given, further arguing that he was pressured into entering the plea agreement, was not provided exculpatory discovery, and was innocent of some charges. The Defendant argues that these circumstances gave way to manifest injustice, and the trial court therefore abused its discretion in denying his motion to withdraw his guilty plea. The State responds that the Defendant's motion to withdraw his guilty plea failed to state with particularity the grounds upon which it was made, and was therefore properly denied. Further, the State argues that trial counsel relaying the State's intent to seek within-range sentencing is not coercion, and the Defendant stated both at his plea colloquy and at the motion hearing that he was not coerced. After review, we agree with the State.

Before a guilty plea may be accepted, there must be an affirmative showing in the trial court that it was voluntarily and knowingly entered. Boykin v. Alabama, 395 U.S. 238, 242 (1969); State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). This requires a showing that the defendant was made aware of the significant consequences of the plea. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing Mackey, 533 S.W.2d at 340). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

Tennessee Rule of Criminal Procedure 32(f) provides that a trial court may grant a motion to withdraw a guilty plea "for any fair and just reason" before sentence is imposed, or to correct manifest injustice after the sentence is imposed but before the judgment becomes final. Granting a motion to withdraw a guilty plea to correct manifest injustice may be warranted where (1) the plea was entered as a result of fear, fraud, or misunderstanding; (2) the State failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963), and this failure influenced the entry of the plea; (3) the plea was not knowingly, understandingly, and voluntarily entered; or (4) the defendant was denied the effective assistance of counsel in connection with entering the plea. State v. Crowe, 168 S.W.3d 731, 742 (Tenn. 2005). The defendant has the burden of establishing that the plea of guilty should be withdrawn to prevent "manifest injustice." State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). Further, the motion must state with particularity the grounds upon which it is made. Tenn. R. Crim. P. 47(c)(1). The decision whether to grant a motion to withdraw a plea of guilty rests in the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Drake, 720 S.W.2d 798, 799 (Tenn. Crim. App. 1986).

As we have set out, the Defendant stated at the plea colloquy that he had ample opportunity to discuss the plea agreement with his attorney, was satisfied with his advice, and was not coerced or threatened into entering the plea. He echoed the same sentiment at the subsequent hearing on his motion to withdraw his guilty plea. At the plea colloquy, the trial court thoroughly questioned the Defendant, who affirmed that he understood the terms of the agreement and the repercussions of entering a guilty plea, including waiving his right to trial by jury. The trial court accordingly accepted his plea as freely and voluntarily given.

The Defendant argues that he suffered manifest injustice as a result of the trial court denying his motion to withdraw his guilty plea. Although the Defendant concedes that he bears the burden of establishing sufficient grounds to withdraw his plea and was granted time to amend his motion, the motion states in its entirety: "Comes the Defendant and requests the Court to allow him to withdraw his guilty plea. In support the Defendant

will submit testimony at the hearing of his motion." The trial court therefore found the motion deficient on its face, though the court still allowed the Defendant the opportunity to establish sufficient grounds to withdraw at the motion hearing.

To demonstrate manifest injustice, the Defendant further argues that he involuntarily entered the plea because he was fearful, the State did not disclose potentially exculpatory evidence, and trial counsel was ineffective in assisting him with the plea agreement. The Defendant bears the burden of establishing manifest injustice. See Turner, 919 S.W.2d at 355. He argues that trial counsel coerced him into accepting the plea agreement by telling him of the State's intent to seek a thirty-year sentence if he decided not to accept the plea agreement. However, he fails to address that the State filed a notice of intent to seek enhanced punishment and notice of enhancing factors before the Defendant ever spoke with trial counsel about the plea agreement. The Defendant further testified at the motion hearing that his wife begged him to enter the plea agreement after learning of the jail time he could otherwise face, and he affirmed both at the plea colloquy and at the motion hearing that he entered the agreement voluntarily. As the trial court noted, the Defendant could potentially have received significant, consecutive sentences if he had chosen to go to trial. There is no evidence in the record to suggest that trial counsel explaining the State's decision to seek a thirty-year sentence amounted to coercion.

The Defendant also argues that the State withheld potentially exculpatory discovery and he would not have entered a guilty plea had he known what evidence the State had against him. However, the Defendant again fails to address that the State filed a discovery and exhibit list, which listed the evidence the State possessed and stated that it was available for review at the district attorney's office. Further, though the Defendant stated that he knew the State did not have enough evidence to convict him because he was innocent of some of the charges, he testified at the motion hearing that he still had not examined the evidence against him. He further implies that his guilty plea was involuntary per se based on this claim of innocence. However, as we have set out, the Defendant stated at the plea colloquy and testified again at the motion hearing that he had sufficient opportunity to speak with his trial counsel, had not been coerced, and had entered his plea freely and voluntarily.

In deciding to deny the Defendant's motion to withdraw his guilty plea, the court found:

> There's no indication that the State failed to disclose any information to him, and really, the Court can't say that there's any indication that [the Defendant] was made to make a mistake here, or to be in fear, or that there's been a fraud practiced upon him. He certainly has had a change of mind . . . but that's not

sufficient to justify withdrawing a plea of guilty . . . there's just not a legal basis for you to withdraw the plea of guilty[.]

The Defendant stated both at the plea colloquy and at the motion hearing that he entered his plea freely and voluntarily after conferring with trial counsel. His motion to withdraw his guilty plea was deficient on its face, and he presented no legal or factual basis at the motion hearing to justify withdrawing his guilty plea. There is no evidence in the record to suggest coercion or withheld evidence; the Defendant thus failed to meet his burden of demonstrating that he suffered a manifest injustice. The record easily supports the determination that a manifest injustice has not occurred, and the Defendant is not entitled to withdraw his guilty plea. Therefore, the trial court clearly acted within its discretion in deciding to deny the Defendant's motion to withdraw his guilty plea.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE